**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| JERIXON NOMAR CAMPOS CASTRO, KEYDI LILLY BERMUDEZ URBINA, J.I.C.B. MINOR,<br>*Petitioners*<br><br>v.<br><br>TODD M. LYONS, ACTING DIRECTOR OF U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, KRISTI NOEM, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY, PAMELA BONDI, U.S. ATTORNEY GENERAL, WARDEN OF THE DILLEY IMMIGRATION PROCESSING CENTER, MIGUEL VERGARA, FIELD OFFICER DIRECTOR OF ENFORCEMENT AND REMOVAL OPERATIONS, SAN ANTONIO FIELD OFFICE,<br>*Respondents* | Case No. SA-25-CA-01930-XR |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

On this date, the Court considered Jerixon Nomar Campos Castro, Keydi Lilly Bermudez Urbina, and J.I.C.B.'s Petition for a Writ of Habeas Corpus (ECF No. 1) and the Federal Respondents' Abbreviated Response (ECF No. 8). After careful consideration, the petition is **GRANTED**. It is **ORDERED** that:

1. Respondents are **DIRECTED** to **RELEASE** Petitioners Jerixon Nomar Campos Castro, Keydi Lilly Bermudez Urbina, and J.I.C.B. from custody, under conditions no more restrictive than those in place before the detention at issue in this case, to a public place by **January 20, 2026;**

1

2. Respondents must **NOTIFY** Petitioners' counsel by email[1] of the exact location and time of Petitioners' release as soon as practicable and **at least two hours before release;**

3. If any of the Petitioners are re-detained pursuant to 8 U.S.C. § 1226, all applicable procedures must be followed, including that they be afforded a bond hearing; and

4. Respondents shall **FILE** a status report on **January 21, 2026**, confirming that Petitioners have been released under conditions of release no more restrictive than those in place prior to the detention at issue in this case.

## FACTUAL BACKGROUND

This Petition is brought by Jerixon Nomar Campos Castro, Keydi Lilly Bermudez Urbina, and their minor child J.I.C.B. ECF Nos. 1, 6. Petitioners are natives and citizens of Nicaragua who are currently detained at the Dilley Immigration Processing Center in Dilley, Texas. ECF No. 1 at 2. In 2021, Petitioners presented themselves at the border. *Id.* at 6. They were apprehended, placed in full removal proceedings, and released on their own recognizance pursuant to 8 U.S.C. Section 1226(a). *Id.*

On December 4, 2025, Petitioners were arrested at an immigration check-in and re-detained without a bond hearing. ECF No. 1 at 7.

## PROCEDURAL HISTORY

Petitioners filed a habeas petition asserting that their detention violates the Immigration and Nationality Act ("INA") and their due process rights. *See* ECF No. 1.

Respondents detained Petitioners without a bond hearing, based on a novel reading of 8 U.S.C. § 1225(b) adopted by the Board of Immigration Appeals ("BIA")—described more fully

---

[1] Sarah D. Monty, (281) 493-5529; Veronica Manuela Franco Salazar, vfrancosalazar@montyramirezlaw.com, 786-599-4151; Daniel N. Ramirez, dramirez@montyramirezlaw.com, (281) 493-5529.

herein—that has been rejected by this Court. *See, e.g.*, *Granados v. Noem*, No. SA-25-CA-1464-XR, 2025 WL 3296314 (W.D. Tex. Nov. 26, 2025); *Pineda v. Noem*, No. SA-25-CA-1518-XR, 2025 WL 3471418 (W.D. Tex. Dec. 2, 2025). The Court directed Respondents to consider the orders in those cases and note any material differences in this one. *See* ECF No. 4.

Respondents filed an abbreviated response to preserve the legal issues and to conserve resources. ECF No. 8. They acknowledge that, because there are no material differences between this case and *Granados* or *Pineda*, "the Court can decide this matter without delay." *Id.*

## LEGAL STANDARD

A habeas petitioner must show they are "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate*, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (quoting 28 U.S.C. § 2241(c)(3)). The petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Id.* (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011); also citing *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976)). "A court considering a habeas petition must 'determine the facts, and dispose of the matter as law and justice require.'" *Id.* (quoting 28 U.S.C. § 2243).

## DISCUSSION

### I.     Legal Framework for Immigration-Related Detention

Relevant here, the INA prescribes two forms of detention for noncitizens in removal proceedings—mandatory detention under 8 U.S.C. § 1225(b) and discretionary detention under 8 U.S.C. § 1226(a). Noncitizens subject to discretionary detention under Section 1226(a) are entitled to a bond hearing at the outset of their detention, *see* 8 C.F.R. §§ 1003.19(a), 1236.1(d).

Respondents contend that Petitioners' detention is governed by 8 U.S.C. § 1225(b), which provides for *mandatory* detention of (i) certain noncitizens subject to expedited removal under 8 U.S.C. § 1225(b)(1) and (ii) other recent arrivals "seeking admission" under 8 U.S.C. § 1225(b)(2). As the Supreme Court has explained, Section 1225 "applies primarily to [noncitizens] seeking entry into the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). Noncitizens detained under this provision may be released only through the Department of Homeland Security's exercise of its parole authority under 8 U.S.C. § 1182(d)(5)(A). *Id.* at 300.

Section 1226, on the other hand, has historically been understood to "appl[y] to aliens already present in the United States." *Jennings*, 583 U.S. at 303. Indeed, for nearly three decades, Respondents consistently considered noncitizens present in the United States without having been admitted or paroled as being detained under 8 U.S.C. § 1226(a) and thus entitled to bond hearings.[2]

In 2025, Respondents adopted a novel theory that noncitizens who are present in the United States without admission or parole are ineligible for bond hearings.[3] Ultimately, the BIA adopted this position in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 220 (BIA 2025), holding that all noncitizens who entered the country without inspection are subject to mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2). Courts across the country, including this one, have

---

[2] *See, e.g.*, Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997) (stating that "[d]espite being applicants for admission, aliens who are present without having been admitted or paroled (formerly referred to as aliens who entered without inspection) will be eligible for bond and bond redetermination").

[3] In July 2025, Todd Lyons, Acting Director of ICE, issued an internal memorandum explaining that the agency had "revisited its legal position" and "determined that [Section 1225] of the [INA], rather than [Section 1226], is the applicable immigration detention authority for all applicants for admission." *Martinez v. Hyde*, 792 F. Supp. 3d 211, 217–18 (D. Mass. 2025).

rejected Respondents' broad interpretation of Section 1225(b),[4] relying on several rationales, from statutory language and context to legislative history and longstanding agency practice.[5]

## II. Analysis

### A. Subject Matter Jurisdiction

In previous cases, Respondents have argued that several provisions of the INA divest the Court of jurisdiction to consider habeas petitions challenging this novel theory of detention. *See, e.g.*, *Granados*, 2025 WL 3296314, at *1–4. But the Court found each of the jurisdiction-stripping provisions cited by the government to be inapposite. For example, 8 U.S.C. §§ 1252(g) and (b)(9) deprive the Court of jurisdiction to consider challenges to *removal proceedings*, not challenges to *detention*. *See id.* at *1–3. Similarly, 8 U.S.C. § 1225(b)(4), which addresses challenges by immigration office*rs* to *favorable* admissions decision*s*, has nothing to do with detention. *See id.* at *3. Finally, 8 U.S.C. § 1226(e) bars judicial review of *discretionary* detention decisions, not mandatory detention under Section 1225(b). *See id.* at *3–4. For the same reasons outlined in this Court's prior opinions, it has jurisdiction.

### B. Merits

Moving to the Merits, Respondents lack statutory authority to detain Petitioners without a bond hearing. Petitioners' detention is thus unlawful, and habeas relief is warranted.

#### 1. Section 1225(b)(1)

---

[4] *See, e.g.*, *Mboup v. Field Off. Dir. of N.J. Immigr. & Customs Enf't*, No. 2:25-CV-16882 (MEF), 2025 WL 3062791, at *1 & n.3 (D.N.J. Nov. 3, 2025) (collecting cases); *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (same); *Acea-Martinez v. Noem*, No. 5:25-cv-1390-XR, ECF No. 9.

[5] *See Rodriguez v. Bostock*, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *1 & n.3 (W.D. Wash. Sept. 30, 2025) (collecting cases); *see, e.g.*, *Cardona-Lozano v. Noem*, No. 1:25-CV-1784-RP, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) (noting that the BIA's interpretation in *Matter of Hurtado* was not entitled to any deference under *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), and was unpersuasive given its "inconsistency with prior pronouncements"); *see also id.* at * 5 (noting that Respondents' interpretation would render a recent amendment to the INA, the Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025), "effectively meaningless").

To begin, Petitioners are not detainable under Section 1225(b)(1). Section 1225(b)(1) allows expedited removal of certain "arriving" noncitizens and of certain noncitizens who have not "been physically present in the United States continuously for the 2-year period immediately prior to the date" they were determined inadmissible "under th[at] subparagraph."

If a noncitizen subject to expedited removal under Section 1225(b)(1) "indicates either an intention to apply for asylum" or "a fear of persecution," they are referred to an asylum officer for a credible fear interview. 8 U.S.C. § 1225(b)(1)(A)(ii). Only after that point does Section 1225(b)(1) require detention. 8 U.S.C. §§ 1225(b)(1)(A)(i), (b)(1)(A)(ii), (b)(1)(B)(ii), (b)(1)(B)(iii)(IV). Respondents do not claim that Petitioners were ever subject to expedited removal proceedings or that they were referred to a credible fear interview. To the contrary, Petitioners say they were placed into "full" removal proceedings under 8 U.S.C. § 1229a. ECF No. 1 at 6. Their release pursuant to Section 1226(a) supports that claim.

Further, to fall under Section 1225(b)(1), a noncitizen must be found inadmissible for either (i) seeking admission by fraud or willful misrepresentation, 8 U.S.C. § 1182(a)(6)(C), or (ii) lacking proper entry documentation, § 1182(a)(7). *See* 8 U.S.C. § 1225(b)(1)(A)(i). Respondents have not argued that Petitioners were found inadmissible under either of those provisions.

For those reasons, Section 1225(b)(1) does not authorize Petitioners' detention.

### 2. Section 1225(b)(2)

The remaining statutory question is whether Section 1225(b)(2) applies to Petitioners. If so, Section 1225(b)(2) makes their detention mandatory. If not, Section 1226(a) applies, Petitioners' detention is discretionary, and they are entitled to a bond hearing if they remain

detained. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *5 (D. Minn. Oct. 1, 2025).

Section 1225(b)(2) requires someone to be detained if three conditions are met: (1) the person is an "applicant for admission"; (2) the person is "seeking admission"; and (3) an "examining immigration officer determines" the person "is not clearly and beyond a doubt entitled to be admitted." *E.g.*, *Granados*, 2025 WL 3296314, at *6.

At the time of their detention, Petitioners were not "seeking admission." Admission refers to "lawful entry . . . into the United States after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13)(A). When Petitioners were detained in 2025, they were not seeking entry, much less "lawful entry . . . after inspection and authorization." *See Martinez v. Mukasey*, 519 F.3d 532, 544 (5th Cir. 2008), *as amended* (June 5, 2008) ("Under th[e] statutory definition, 'admission' is the lawful *entry* of an alien after inspection, something quite different, obviously, from post-entry adjustment of status." (emphasis in original)). Because Petitioners are not "seeking admission," ICE may not detain them under Section 1225(b)(2).

Because Respondents do not claim that Petitioners are being detained under Section 1226, "the Court sees no reason to consider" Section 1226 as a basis for Petitioners' current detention. *See Martinez v. Hyde*, 792 F. Supp. 3d 211, 223 n.23 (D. Mass. 2025). Thus, Petitioners' detention is unlawful, and habeas relief is proper. Petitioners must be released from detention.

## CONCLUSION

For the foregoing reasons, the Petition for Habeas Corpus (ECF No. 1) is **GRANTED**, and Respondents are **DIRECTED** to release Petitioners in accordance with the parameters set forth on the first page of this order. Petitioners' motion for a temporary restraining order/preliminary injunction (ECF No. 2) is **DENIED AS MOOT**.

The Clerk is **DIRECTED** to **CLOSE** this case.

It is so **ORDERED**.

**SIGNED** this 16th day of January, 2026.

                                            XAVIER RODRIGUEZ
                                            UNITED STATES DISTRICT JUDGE